**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DON RAY CLARK, JR.,** *et al*. | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 4:21-cv-788-RWS |
| v. | ) ) | |
| **CITY OF ST. LOUIS,** *et al*. | ) ) | |
| Defendants. | ) ) | |

**DEFENDANT NICHOLAS MANASCO'S ANSWER**
**TO COUNT IV OF PLAINTIFFS' COMPLAINT**

COMES NOW Defendant Manasco ("Manasco") and answers the allegations of Plaintiffs' Complaint (doc. 1) as follows:

**INTRODUCTION**

1. Defendant denies the allegations in paragraph 1.

2. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 2, and therefore, denies them on that basis.

3. Defendant admits only that Thomas Strode sought a search warrant for 4023 California. Defendant denies the remaining allegations in paragraph 3.

4. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4, and therefore, denies them on that basis.

5. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 5, and therefore, denies them on that basis.

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 6, and therefore, denies them on that basis.

1

7. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 7, and therefore, denies them on that basis.

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8, and therefore, denies them on that basis.

9. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 9, and therefore, denies them on that basis.

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 10, and therefore, denies them on that basis.

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 11, and therefore, denies them on that basis.

12. Defendant admits the City is a constitutional charter city organized pursuant to the Missouri Constitution and the laws of the State of Missouri. Defendant further admits that the City's Police Department is a division of the City's Department of Public Safety. Defendant denies the remaining allegations in this paragraph.

13. Defendant admits only that Strode was employed as a police officer and detective in 2017. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 13, and therefore, denies them on that basis.

14. Defendant admits only that John Jones was employed as a sergeant with the City Police Department in 2017. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 14, and therefore, denies them on that basis.

15. Defendant admits only that he is a former City of St. Louis police officer. Defendant further admits that he fired shots at Decedent on February 21, 2017 subsequent to Decedent firing shots and pointing a weapon in his direction. The remaining allegations of this paragraph constitute legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations of this paragraph.

16. Defendant admits only that Defendants James Wurm, Brandon Moore, Ronald Mueller, Joshua Becherer, Ronald Allen, Bennie Blackmon, Daniel Book, Matthew Tesreau, James Zwilling, Glennon Frigerio, Joseph Busso, Jon Long, Daniel Cora, Timothy Boyce, Michael Flatley, Curtis Burgdorf, Scott Aubuchon, Nicholas Manasco, and John Jones were employed as police officers with the City Police Department in February 2017. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that each "took part in the execution of the search warrant" and therefore, denies on that basis. The remaining allegations of this paragraph constitute legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations of this paragraph.

17. The allegations of this paragraph constitute legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations of this paragraph.

18. The allegations of this paragraph constitute legal conclusions to which no answer is required. To the extent an answer is required, Defendant City denies the allegations of this paragraph.

## JURISDICTION AND VENUE

19. The allegations of this paragraph constitute legal conclusions to which no answer is required. To the extent an answer is required, Defendant City denies the allegations of this paragraph.

20. The allegations of this paragraph constitute legal conclusions to which no answer is required. To the extent an answer is required, Defendant City denies the allegations of this paragraph.

21. The allegations of this paragraph constitute legal conclusions to which no answer is required. To the extent an answer is required, Defendant City denies the allegations of this paragraph.

22. The allegations of this paragraph constitute legal conclusions to which no answer is required. To the extent an answer is required, Defendant City denies the allegations of this paragraph.

23. The allegations of this paragraph constitute legal conclusions to which no answer is required. To the extent an answer is required, Defendant City denies the allegations of this paragraph.

24. Defendant City admits that Plaintiff purports to demand a trial by jury. Because Defendant denies that Plaintiffs' claims are cognizable, Defendant denies Plaintiffs are entitled to a jury trial.

## PARTIES

25. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

26. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

27. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

28. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

29. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

30. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

31. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

32. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

33. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

34. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

35. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

36. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

37. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

38. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

39. Defendant admits that on February 21, 2017 the City of St. Louis Police Department and members of SWAT executed search warrants at 4029, 4025 and 4023 California. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph, and therefore, denies them on that basis.

40. Defendant admits that on February 21, 2017 the City of St. Louis Police Department and members of SWAT executed search warrants at 4029 and 4025 California. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph, and therefore, denies them on that basis.

41. Defendant admits only that immediately after SWAT executed "no knock" warrants at 4029 and 4025 California on February 21, 2017, SWAT executed a third search warrant at 4023 California. Defendant denies the remaining allegations in paragraph 41.

42. Defendant denies the allegations in paragraph 42.

43. Defendant denies the allegations in paragraph 43.

44. Defendant denies the allegations in paragraph 44.

45. Defendant denies the allegations in paragraph 45.

46. Defendant admits that the door at 4023 California was breached by SWAT and a diversionary device was deployed during the execution of the search warrant. Defendant otherwise denies the allegations in paragraph 46.

47. Defendant admits that a flash bang diversionary device was deployed. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph, and therefore, denies them on that basis.

48. Defendant admits that he and other members of SWAT began to enter the residence subsequent to the deployment of the flash bang. Defendant otherwise denies the allegations in paragraph 48.

49. Defendant denies the allegations in paragraph 49.

50. Defendant denies the allegations in paragraph 50.

51. Defendant admits only that he fired multiple shots at Decedent after Decedent fired at and pointed a gun at Defendant. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph, and therefore, denies them on that basis.

52. Defendant admits only that Decedent dropped to his knees and fell to the floor. Defendant otherwise denies the allegations in paragraph 52.

53. Defendant admits that Decedent bled as a result of his injuries. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph, and therefore, denies them on that basis.

54. Defendant admits only that he briefly held cover on Decedent immediately following the shooting until he was relieved by Officer Zwilling. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph, and therefore, denies them on that basis.

55. Defendant admits only that he did not contact EMS following the shooting. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph, and therefore, denies them on that basis.

56. Defendant admits only that he himself did not take steps to stanch Decedent's bleeding immediately after the shooting. Defendant lacks knowledge or information sufficient to

7

form a belief as to the truth or falsity of the remaining allegations contained in this paragraph, and therefore, denies them on that basis.

57. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

58. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

59. Defendant denies the allegations in paragraph 59.

60. Defendant admits only that Detective Strode was the affiant for the three search warrants executed at 4029, 4025 and 4023 California on February 21, 2021. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph, and therefore, denies them on that basis.

61. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

62. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

63. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

64. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

65. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

66. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

67. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

68. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

69. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

70. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 70, and therefore, denies them on that basis.

71. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 71, and therefore, denies them on that basis.

72. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 72, and therefore, denies them on that basis.

73. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

74. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

75. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

76. Defendant admits that on February 21, 2017 Sgt. John Jones briefed SWAT on the three search warrants to be executed at 4029, 4025, and 4023 California. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph, and therefore, denies them on that basis.

77. Defendant admits the allegations in paragraph 77.

78. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

79. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

80. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

81. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 81, and therefore, denies them on that basis.

## COUNT I

*The allegations in Count I, including paragraphs 82-98, are directed at Defendant Strode. If the allegations of Count I are ever construed to state a claim against Defendant Manasco, Defendant denies same.*

## COUNT II

*The allegations in Count II, including paragraphs 99-110, are directed at Defendant Strode. If the allegations of Count II are ever construed to state a claim against Defendant Manasco, Defendant denies same.*

## COUNT III

*The allegations in Count III, including paragraphs 111-119, are directed at Defendant Strode. If the allegations of Count III are ever construed to state a claim against Defendant Manasco, Defendant denies same.*

## COUNT IV

120. Defendant incorporates by reference all of his answers to paragraphs 1-119 as though fully set forth herein.

121. The allegations of paragraph 121 constitute legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations of this paragraph.

122. Defendant denies the allegations in paragraph 122.

123. Defendant admits only that as he made entry into 4023 California Decedent fired at and pointed a gun at Defendant. Fearing for his life and safety, Defendant returned fire at Decedent and struck him. Defendant otherwise denies the remaining allegations in paragraph 123.

124. Defendant denies the allegations in paragraph 124.

125. Defendant denies the allegations in paragraph 125.

126. Defendant denies the allegations in paragraph 126.

127. Defendant denies the allegations in paragraph 127.

128. Defendant denies the allegations in paragraph 128.

129. Defendant denies the allegations in paragraph 129.

130. Defendant denies the allegations in paragraph 130.

131. Defendant denies the allegations in paragraph 131.

132. Defendant denies the allegations in paragraph 132.

133. Defendant admits only that Plaintiffs purport to seek an award of attorney's fees and costs pursuant to 42 U.S.C. 1988. To the extent an answer is required, Defendant denies that Plaintiffs are entitled to an award of attorney's fees and costs.

## COUNT V

134. Defendant incorporates by reference all of his answers to paragraphs 1-133 as though fully set forth herein.

135. The allegations of paragraph 135 constitute legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations of this paragraph.

136. Defendant denies the allegations in paragraph 136.

137. Defendant admits that he did not take steps to stanch Decedent's bleeding or provide emergency first aid in the immediate aftermath of the shooting. Further answering, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 137, and therefore, denies them on that basis.

138. Defendant admits only that he briefly held cover on Decedent immediately following the shooting. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 138, and therefore, denies them on that basis.

139. Defendant denies the allegations in paragraph 139.

140. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 140, and therefore, denies them on that basis.

141. Defendant admits only that Decedent suffered gunshot wounds, which constitute a serious medical need. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 141, and therefore, denies them on that basis.

142. Defendant denies the allegations in paragraph 142.

143. Defendant denies the allegations in paragraph 143.

144. Defendant denies the allegations in paragraph 144.

145. Defendant denies the allegations in paragraph 145.

146. Defendant denies the allegations in paragraph 146.

147. Defendant admits only that Plaintiffs purport to seek an award of attorney's fees and costs pursuant to 42 U.S.C. 1988. To the extent an answer is required, Defendant denies that Plaintiffs are entitled to an award of attorney's fees and costs.

### COUNT VI

*The allegations in Count VI, including paragraphs 148-187, are directed at Defendant City of St. Louis. If the allegations of Count VI are ever construed to state a claim against Defendant Manasco, Defendant denies same.*

### COUNT VII

*The allegations in Count VII, including paragraphs 188-195, are directed at Defendants City of St. Louis and Strode. If the allegations of Count VII are ever construed to state a claim against Defendant Manasco, Defendant denies.*

### COUNT VIII

*On August 30, 2021, Defendant Manasco filed his motion to dismiss Count VIII for failure to state a claim upon which relief may be granted. If the allegations in Count VIII, including paragraphs 196-208, are ever construed to state a claim against Defendant Manasco, Defendant denies same.*

### **PRAYER FOR RELIEF**

WHEREFORE, having fully answered the allegations of Plaintiffs' Complaint, Defendant Manasco requests that this Court dismiss the claims asserted against him with prejudice, award Defendant Manasco his costs and attorney's fees, and order such other relief as this Court deems fair and appropriate.

## JURY DEMAND

Defendant Manasco demands a jury trial on all issues triable to a jury.

## AFFIRMATIVE DEFENSES

Further answering, Defendant Manasco affirmatively states as follows:

1. Plaintiffs have failed to state a claim upon which relief can be granted because Manasco's use of deadly force was reasonable because probable cause existed to believe that Decedent posed a threat of serious physical harm to him and other officers when Decedent fired at and pointed a gun in his direction.

2. Plaintiffs have failed to state a claim upon which relief can be granted because Plaintiffs fail to allege facts sufficient to show that Decedent's constitutional rights were violated.

3. Defendant Manasco is shielded from suit by the doctrine of qualified immunity because his conduct comported with established law and did not violate any clearly established constitutional right of which a reasonable person would have known.

4. Defendant Manasco is shielded from Plaintiffs' state law claims by official immunity and the public duty doctrine.

5. Defendant Manasco's use of force was justified pursuant to RSMo. § 563.046 in that, *inter alia*:

   (a) Manasco reasonably believed Decedent posed an immediate threat of serious physical harm to him and others;

  (b)  Manasco did not need to retreat or desist from efforts to effect Decedent's arrest because he reasonably believed Decedent to have committed an offense;

  (c)  Manasco used force that he reasonably believed was immediately necessary in that Decedent posed an immediate threat of serious physical harm to him and others;

  (d)  Manasco's use of deadly force was lawful;

  (e)  Manasco's use of deadly force was objectively reasonable; and

  (f)  Manasco reasonably believed the use of deadly force was immediately necessary to protect his life and safety and the lives and safety of others.

6. Any use of force by Manasco in this case pursuant to and as described in RSMo. § 563.046 is an absolute defense to civil liability as provided in RSMo. § 563.074.1.

7. Manasco requests that this Court award attorney's fees, court costs, and all reasonable expenses incurred in defense of this civil action in his favor and against Plaintiffs and their counsel pursuant to RSMo. § 563.074.2.

8. If a defendant or another party or entity makes a settlement with Plaintiff, or if Plaintiff receives anything of value from any party, individual or entity, the amount of such payment or consideration should be treated as a payment in full satisfaction of the damages of Plaintiff, or in the alternative, that the amount of such payment or consideration should be a set off against any judgment that may be entered herein.

9. Plaintiffs' claims are barred by all applicable statutes of limitations or repose.

10. If any portion of Plaintiffs' alleged damages are divisible, Defendant Manasco asserts that such alleged damages may be subject to the doctrines of apportionment and/or alternate proximate cause.

11. Decedent voluntarily assumed or exposed himself to a risk which he knew or, in the exercise of ordinary care, should have known existed.

12. Plaintiffs have no compensable damages.

13. The rights alleged by Plaintiffs to have been violated by Defendant Manasco were not clearly established at the time.

Defendant Manasco incorporates each and every additional affirmative defense that may be uncovered or made known during the investigation and discovery of this case. Defendant Manasco specifically reserves the right to amend this Answer to include additional affirmative defenses at a later time.

Respectfully Submitted,

**MATT MOAK,**
**CITY COUNSELOR**

By:/s/ Erin K. McGowan
 Erin K. McGowan, #64020
 Associate City Counselor
 Room 314, City Hall
 1200 Market St.
 St. Louis, MO  63103
 314-622-3361
 314-622-4956 (fax)
 McGowanE@stlouis-mo.gov
 *Attorney for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on **August 30, 2021** the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all attorneys of record.

   /s/ Erin K. McGowan